**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMED ASLAM MOHIDEEN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73578

Agency No. A095-472-372

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:     LEAVY, IKUTA, and N.R. SMITH, Circuit Judges.

Mohamed Aslam Mohideen, a native and citizen of Sri Lanka, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his claim that

the immigration judge ("IJ") erred by failing to advise him to file his own

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We grant the petition for review, and we remand.

Mohideen, a derivative petitioner on his wife's application for asylum, withholding of removal, and CAT relief, contends that the IJ had a duty to advise him of his right to file his own application for relief.  In denying Mohideen's claim, the BIA cited to 8 C.F.R. § 240.11(a)(2).  However, the applicable regulation is 8 C.F.R. § 1240.11(c), which imposes on an IJ a duty to advise an alien that he or she may apply for asylum or withholding of removal where the alien has expressed a fear of persecution or harm.  *See* 8 C.F.R. § 1240.11(c)(1).  Accordingly, we remand for the BIA to consider Mohideen's claim under the appropriate regulation in the first instance.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we do not reach Mohideen's due process claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**